**Ronald Lawrence JONES, Plaintiff,**

v.

**CITY OF ST. LOUIS and Bill's Towing Service, Defendants.**

**No. 4:01 CV 1444 DDN.**

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 5, 2003.

Bryan T. Voss, Blackwell and Associates, P.C., O'Fallon, MO, Allen P. Press, Green and Schaaf, St. Louis, MO, for Plaintiff.

Thomas R. McDonnell, St. Louis City Counselor, St. Louis, MO, for Defendants.

## MEMORANDUM AND ORDER

NOCE, United States Magistrate Judge.

This matter is before the court upon the motion of plaintiff Ronald L. Jones to sever Count V of his first amended complaint (Doc. 43) in this action arising out of a towing incident. Oral argument was heard on August 1, 2003.

In February 2002, plaintiff filed a complaint against the City of St. Louis (the City) and Bill's Towing Service (BTS). (Doc. 5.) In July 2002, plaintiff's claims against BTS were dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for failure to effect timely service. (Doc. 10.)

Plaintiff subsequently brought BTS back into this action by filing, on December 31, 2002, a five-count first amended complaint against BTS and the City. In Counts I through III, he alleged claims against the City for conversion of vehicle (Count I), conversion of personal property (Count II), and violation of plaintiff's civil rights (Count III). In Counts IV and V, he alleged claims against BTS for conversion of vehicle (Count IV) and conversion of personal property (Count V). (Doc. 24.)

In January 2003, plaintiff, through a special process server, served his amended complaint and a summons on BTS. (Doc. 36 Ex. C.) In June 2003, plaintiff filed a stipulation of dismissal without prejudice of Counts I and IV, the conversion-of-vehicle counts. (Doc. 32.) The following month plaintiff and the City consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 11.) To date, BTS has not filed anything with the court. Because of BTS's inaction and the undersigned's lack of authority to proceed to trial in a case with

BTS as a party without BTS's consent, the jury trial setting was vacated.[1]

In his motion to sever Count V of the first amended complaint, plaintiff argues that the delays caused by BTS's refusals to appear, to respond to his pleadings, and to consent to the undersigned magistrate's jurisdiction should be tolerated no longer. Thus, plaintiff moves for the claim against BTS, Count V, to be severed and reassigned to a District Judge so that his claims against the City may proceed.[2] (Doc. 43.)

The undersigned will grant plaintiff's motion to sever Count V against BTS under Federal Rule of Civil Procedure 21.[3] *Rice v. Sunrise Express, Inc.,* 209 F.3d at 1014 (it is within the district court's broad discretion whether to sever a claim, and the court does not need to determine the merit of the second claim before making the severance; as long as there is a discrete and separate claim, the court may exercise its discretion and sever it).

Whereupon,

**IT IS HEREBY ORDERED** that the motion of plaintiff to sever Count V of the first amended complaint for separate proceedings and disposition (Doc. 43) is sustained under Federal Rule of Civil Procedure 21.

---

1. Because of the severance of the Count V claim against BTS under Federal Rule of Civil Procedure 21, ordered below, the undersigned Magistrate Judge will proceed with the remaining claims against the City of St. Louis under 28 U.S.C. § 636(c). *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir.), *cert. denied,* 531 U.S. 1012, 121 S.Ct. 567, 148 L.Ed.2d 486 (2000).

2. Pending in this action is a motion by plaintiff for default judgment against BTS. In that motion, plaintiff seeks judgment in the amount of $1,725.00 as the reasonable value of the personal property converted by BTS, as well as punitive damages, and his attorney fees and costs. (Doc. 36.)

3. Rule 21 provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any state of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.